Opinion of the Court by
Judge Mills.
[Absent Chief Justice Bibb.]
This is assumpsit against two administrators, for goods, wares and merchandize, sold to the intestate in his life time. There are two or three counts on the assumpsit of the intestate, and one on the assumpsit of the administrators. But the jury being instructed by the court, on the application of the defendants, to find against the plaintiffs on all the counts, except that on the assumpsit of the administrators as such, of course any question arising on these counts need not he considered. To the count on the assumpsit of the administrators, as such, the pleas were non-assumpsit, and the statute of imitations baring such accounts in twelve months, replication that the defendants did assume within twelve months, verdict and judgment for plaintiffs below; to reverse which, the defendants have prosecuted this writ of error.
The court below instructed the jury, first, that the promise of one of the administrators to pay the debt, within twelve months, as proved, if believed by them, was sufficient to take the case out of the statute of limitations.—And secondly, that this promise being made by one administrator as such, was admissible evidence against both, and sufficient to charge the assets in their hands. These are the questions for the consideration of this court, and we have concluded that the court below decided both of them correctly.
As to the first, it is in proof, that the administrator defendant is the son, and the administratrix the widow, of the intestate; that the account was accurately drawn from the books of the plaintiffs below, and presented to the administrator, who stated, that he would take the account and consult his mother, the administratrix, about it, and ascertain whether it was correct; and that he afterwards ret *37 urned an answer, that it was correct, and that it should be paid so soon as some money belonging to the estate came into their hands. He frequently afterwards renewed the same assurances, and solicited that suit should not be brought thereon to put the estate to costs, as the money should be paid without.
The construction of the statute of limitations in Kentucky is more favorable for the party that pleads it, than in Virginia or England.
The promise to take the case out of the statute, must be sufficient of itself, to sustain the action, and on it the action must be brought.
An acknowledgement of an account against the intestate, made by one of two administr’ors takes the case out of the statute of limitations, and will support the action against both.
The courts of this country have construed the statute. of limitations more strictly in favor of those who plead it, than either England or Virginia, from which our jurisprudence is derived, and have not ventured to effect a virtual repeal of the statute, by excepting many cases from its influence, which literally came within its provisions, as will be seen in the case of Bell vs. Rowland's Adm'rs. Hard. 301. and numerous cases since.
The rule as settled by these cases is, that there must be an explicit acknowledgment of the debt, as one remaining due, or an express promise to pay it coupled with, or based upon, the original consideration, to take the case out of the statute-in other words, the promise or acknowledgment ought to be sufficient to sustain an action itself, and on it the action must be brought. The promise or acknowledgment, in this case, we conceive, comes up to this rule. The acknowledgment is full; the promise is explicit and express, and the account, which in its items, set out the consideration in full, is refered to as the base or consideration of the promise, and the court, therefore, did not err on this point.
On the second point there is more difficulty, and we have not met with an express adjudication on the subject. But the principles which govern the duties of administrators, when carried out, warrant the decision of the court below, if there be several, yet they represent one man, and one fund, and of course, it follows, that the act of one must, in most cases, be taken as the act of all. One can pay away the money of the estate in discharge of the debts due, and a dissenting majority cannot recover it back. He may also release a debt due to the estate, and bar a recovery thereof by his co-ad *38 ministrators. For, says Toller, p. 407: “Of executors, we have seen, the acts of any one, in respect to the administration of the effects, are deemed by the law to be the acts of all, in as much as they have a joint and entire authority over the whole property; but joint administrators have been considered in a different light. Their power arises not from the act of the deceased, but from the ordinary; and administration is in the nature of an office.-Hence it has been held, that if granted to several persons, they must all join in the execution of it; nor shall the act of one only, be binding on the rest, and, that therefore, one of several administrators cannot, like one of several executors, convey an interest or release a debt without the others. But this distinction has been overruled, and it seems to be now settled, that a joint administrator stands on the same footing, and is invested with the same powers, as a co executor.” So strong is this principle, that one of several administrators or executors may bind the others by legal proceedings—by entering an appearance, and process served on one may be considered as served upon all, and binds them. From these principles, it seems necessarily to result, that the promise of one administrator, so far as it can be operative upon the estate represented by him, must bind all who are joined with him in that representation.
If such an acknowledgment be wrong, the other administrator will not be chargable with a devastavit thereby occasioned.
Triplett, for plaintiffs; Crittenden, for defendants.
Nor will it necessarily follow, that, if by such promise, or any other act separately done, the estate is wasted, all who did not directly join, shall be charged in an action for the devastavit, although the act may operate on the estate to be administered.
The judgment must, therefore, be affirmed with costs and damages.